IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

ALICE FRANKLIN, on behalf of )
herself and all other )
similarly situated employees, )
)
    Plaintiff, )
)
vs. ) Civil No. 08-2268-Ml/P
)
KELLOGG COMPANY, )
)
    Defendant. )
)

**ORDER FOLLOWING HEARING ON MOTION TO DEFER SCHEDULING CONFERENCE**

Before the court by order of reference is defendant's Motion to Defer Scheduling Conference, filed June 19, 2008. (D.E. 38). On July 10, the court held a hearing on this motion. Counsel for all parties were present and heard. At the conclusion of the hearing, the court DENIED the motion. Rule 26(c) provides in pertinent part that

> upon motion by a party or by the person from who discovery is sought, and for good cause shown, the court in which the action is pending . . . may make any order which justice requires to protect a party or person from . . . undue burden or expense, including . . . that the discovery may be had only on specified terms and conditions, including a designation of the time or place.

Fed. R. Civ. P. 26(c). Here, the court finds that the defendant has not shown good cause to defer the scheduling conference until after the court decides the pending motion to transfer and motion

to dismiss.  With respect to the motion to transfer, the parties are not prejudiced by proceeding with the scheduling conference at this time because granting the motion to transfer would not dispose of the case, see Nichols v. Baptist Memorial Hosp. Inc., No. 02-2561, 2004 WL 2905406, at *2 (W.D. Tenn. April 2, 2004), and a new scheduling order would be entered by the court in the Eastern District of Pennsylvania if the case were to be transferred.[1]  As for the motion to dismiss, although staying the scheduling conference until the court decides this motion could potentially save the parties some time and money, the court finds that any such potential benefit to the parties would be outweighed by the prejudice to the plaintiff and potential class members, as plaintiff is in the process of seeking conditional certification and the potential class members must meet the statute of limitations requirements.[2]  In addition, as the defendant

---

[1]The court has set the motion to transfer for a telephonic hearing for July 16, 2008.

[2]The Fair Labor Standards Act ("FLSA") provides that an employee may bring an action for himself and other employees "similarly situated."  29 U.S.C. § 216(b).  Unlike class actions governed by Federal Rule of Civil Procedure 23, in which potential class members may choose to opt out of the action, FLSA collective actions require potential class members to notify the court of their desire to opt in to the action.  See Thomas v. Speedway SuperAmerica, LLC, 506 F.3d 496, 501 (6th Cir. 2007).  Under the FLSA, a collective action for unpaid wages must be brought within two years after the alleged violation occurs unless the violation is willful, in which case the statute of limitations is three years.  29 U.S.C. § 255.  An action is considered to be commenced, for statute of limitations purposes, either (1) when the complaint is filed, if the plaintiff is named in the complaint and filed a

acknowledges, even if the court were to grant the motion to dismiss, the plaintiff would be able to pursue legal action after completing the grievance and arbitration process pursuant to the Collective Bargaining Agreement. (See Def's Mot. to Dismiss at 13 fn. 6).

Finally, at the hearing the court denied the defendant's request to stay all merits-related discovery until after the court decides the motion for conditional certification, and adopted the scheduling order proposed by the plaintiff.

IT IS SO ORDERED.

                              s/ Tu M. Pham
                              TU M. PHAM
                              United States Magistrate Judge

                              July 11, 2008
                              Date

---

written consent to become a party at the time the complaint was filed; or (2) on the date a consent to become a party was filed, if the plaintiff was either unnamed in the complaint or failed to file a consent at the time the complaint was filed. 29 U.S.C. § 256(a); Piper v. RGIS Inventory Specialists, Inc., No. C-07-00032 (JCS), 2007 WL 1690887, at *6 (N.D. Cal. 2007).